REQUESTED BY: Senator Harold F. Sieck Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Sieck:
This is in reply to your request for an opinion interpreting Neb.Rev.Stat. §§ 23-148 and 23-149 (Reissue 1977) and particularly whether under said sections a county less than 10,000 population may legally vote to have five county commissioners instead of three. You state that you are considering legislation to permit such action, if our interpretation is in the negative.
As we conveyed to you earlier, from a brief look at the legislative history, in 1891 the portions which now constitute §§ 23-148 and 23-149 were all part of the same statute. What is now § 23-148 had no minimum on the size of counties which could vote to change from a three-commissioner to a five-commissioner county and what is now § 23-149 set forth the procedure for putting the issue on the ballot.
We have researched the legislative history further and find the following: Some time prior to 1943, the portion which is now § 23-148 was amended. The revised statutes of 1943 provided as to § 23-148 that in counties having not more than 125,000 inhabitants, the Board of County Commissioners should consist of three persons but the electors could vote to increase it to five; in other words, there was no bottom limit on the population as to counties which could vote to switch to five. The portion which is now § 23-149
remained the same as to the procedure as it was in 1891, providing that the question would be put on the ballot by a petition signed by not less than 200 electors.
By the laws of 1947, Chapter 62, Section 2, Page 197, 23-148
was again amended to provide that `the electors in any county containing more than 60,000 inhabitants and not more than 200,000 inhabitants, may vote at any general election as to whether the county board shall consist of three or five commissioners.'
In 1957, by LB 337, Laws of 1957, Chapter 60, Section 1, Page 278, the wording in the present statute was added to § 23-148 that `Provided, the electors in any county containing more than 10,000 inhabitants and not more than 200,000 inhabitants, may vote at any general election as to whether their county board shall consist of three or five commissioners.'
The title to said act provided, `to provide that in counties containing more than 10,000 inhabitants and not more than 200,000 inhabitants, the electors therein may vote at a general election as to whether their county board shall consist of three or five commissioners as prescribed; and to repeal the original section.'
During all of this time, the provision of the portion which is now § 23-149 as to the procedure for putting the question on the ballot by 200 signatures has never been amended.
Significant also, is that the procedure outlined at the beginning of § 23-149 merely refers to `the question' and `said question' which obviously, in the light of the history, refers to the question of changing from three to five commissioners as provided in § 23-148 with its limitations, and is not an independent provision as it might appear at first glance.
It is therefore our opinion that the Legislature has clearly intended that the electors in counties having not more than 10,000 inhabitants may not legally vote to change from three to five commissioners.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General